Richard Canniff MESCE, Petitioner—
Appellant,

v.

Cheryl PLILER, Warden; C.A.
Terhune, Director of the CDC,
Respondents—Appellees.

No. 02–16345.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 24, 2003.

Before: CUDAHY,* BEEZER, and
KLEINFELD, Circuit Judges.

MEMORANDUM **

We need not decide whether prohibition
of firearms possession for misdemeanants
convicted before the prohibition constitutes
a violation of the prohibition against Ex
Post Facto laws contained in the United
States Constitution. Under the Anti–Terrorism and Effective Death Penalty Act of
1996, we decide only whether the California Court of Appeal decision [1] was contrary
to or an unreasonable application of clearly

---

* The Honorable Richard D. Cudahy, Senior
United States Circuit Judge for the Seventh
Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. Because it is the last reasoned decision, we
look to the California Court of Appeal's decision as the basis for the state court's judgment that the California Penal Code Section
12021(c) does not constitute an ex post facto
law. *Shackleford v. Hubbard,* 234 F.3d 1072,
1079 n. 2 (9th Cir.2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590,
115 L.Ed.2d 706 (1991)).

established federal law as set out by the Supreme Court.[2] Mesce cites no Supreme Court decision with materially similar facts to which the state decision was "contrary." The California Court of Appeal not unreasonably held that *Weaver v. Graham*[3] would not make Mesce's conviction an ex post facto violation because he possessed the gun after the law criminalizing possession was passed, and that law did not add to his punishment for misdemeanor assault but, rather, under *California Department of Corrections v. Morales,*[4] merely identified a class subject to prospective regulation because of an established propensity for violence in the past.

AFFIRMED.

---

**2.** 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003).

**3.** 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1980).

**4.** 514 U.S. 499, 506–507 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).